UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MORA MENCHACA, Jr., Booking No. 16105447,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT,<br><br>Defendant. | Case No.: 3:17-cv-02059-JAH-JMA<br><br>**ORDER:**<br><br>**1) GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 4]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

ANTONIO MORA MENCHACA, Jr. ("Plaintiff"), while in the custody of the San Diego Sheriff's Department Vista Detention Facility ("VDF") and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on October 5, 2017. *See* Compl., ECF No. 1.

Plaintiff seeks to sue the San Diego Sheriff's Department based on claims that he was subject to an unreasonable use of force at the George Bailey Detention Facility sometime "between February [and] April 2016." *Id.* at 3. He seeks $1,250,000 in general and punitive damages for his health and "mental problems." *Id.* at 4.

## I. Procedural History

At the time he filed his Complaint, Plaintiff did not prepay the filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (a civil action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)).

On October 27, 2017, the Court denied Plaintiff's initial Motion to Proceed IFP because he failed to attach a certified copy of his VDF trust account statement. *See* ECF No. 3 at 3 (citing 28 U.S.C. § 1915(a)(2)). Nevertheless, the Court also granted Plaintiff forty-five days leave in which to complete and file a properly supported IFP Motion, and the Clerk of Court provided him with a form for doing so. *Id.* at 4.

Plaintiff has since filed a renewed Motion to Proceed IFP, together with the accounting which was missing from his original Motion (ECF No. 4).

## II. Renewed Motion to Proceed In Forma Pauperis

As Plaintiff now knows, to institute a civil action, he must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because he is a prisoner, even if he is granted leave to proceed IFP, Plaintiff remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) (hereafter *"King"*). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his renewed IFP Motion, Plaintiff has now submitted a Prison Certificate issued by the VDF Facility Commander attesting to his trust account activity and balances for the 6-month period preceding the filing of his Complaint. *See* ECF No. 4 at 5; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows that Plaintiff has carried no average monthly balance, has had no monthly deposits to his account and, consequently, no available balance on the books at the time of filing. *See* ECF No. 4 at 5. Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's renewed Motion to Proceed IFP (ECF No. 4), declines to exact any initial filing fee because his prison certificate indicates he

has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Facility Commander at VDF, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**III.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

      A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff claims the San Diego Sheriff's Department violated his right to be free from "cruel and unusual punishment" sometime "between February [and] April 2016," and while he was held in custody at the George Bailey Detention Facility. *See* ECF No. 1 at 2-3. Plaintiff claims he was assaulted by six unidentified Sheriff's Department officers who were responding to a fight between other inmates inside the "2B module" where he was also housed. *Id.* at 3. Plaintiff contends he was asleep at the time, did not understand what the officers were "screaming" because he does not "completely understand English," and just "stood by [his] bunk." The officers grabbed him, slammed him to the floor, and hit him with closed fists. *Id.* Plaintiff claims he "unconsciously tr[ied] to defend [him]self" by holding on to his bunk, but the officers "knock[ed] him out of consciousness," broke his wrist, head, and ankle and bruised his arm, back, and face. *Id.*

C. <u>42 U.S.C. § 1983</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. <u>Analysis</u>

First, while it is not clear whether Plaintiff remained a pretrial detainee or had been convicted and was awaiting sentence "between February [and] April 2016," at the time of the incident, his Complaint contains factual allegations sufficient to show the violation of a right "secured by the Constitution." 42 U.S.C. § 1983; *West*, 487 U.S. at 48; *Kingsley v.*

*Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under *Kingsley*, a pretrial detainee, unlike a convicted prisoner, need not prove that the defendant subjectively knew that the force applied was excessive; that state-of-mind inquiry is "solely ... objective." *Id.* at 2473; *Austin v. Baker*, 616 F. App'x 365, 366 (9th Cir. 2015); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

Critically, however, Plaintiff has named only the "San Diego Sheriff's Department" as a Defendant, and not the individual Sheriff's Department officers who are alleged to have beaten him. *See* ECF No. 1 at 1-2. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement department (like the San Diego County Sheriff's Department) is not a proper party. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The Sheriff's Department is managed by and/or a department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*,

6

3:17-cv-02059-JAH-JMA

2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue his excessive force claims against the Sheriff's Department. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff intends to assert a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity is liable under section 1983 only if Plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).

While Plaintiff claims to have been subject to excessive force at the hands on several unidentified "Sheriff's officers," *see* ECF No. 1 at 3, he alleges no facts to suggest the force was employed pursuant to any municipal custom, policy, or practice, and a local governmental entity, like the County of San Diego, may not be held vicariously liable under section 1983 simply based on the allegedly unconstitutional acts of its employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997);

*Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts the injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

For these reasons, Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

## IV. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

2. **DIRECTS** the Watch Commander of VDF, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, San Diego Sheriff's Department Vista Detention Facility, 325 South Melrose Drive, Vista, California, 92083.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted, if he can. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint

8

3:17-cv-02059-JAH-JMA

will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: February 13, 2018

HON. JOHN A. HOUSTON
United States District Judge