UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MORA MENCHACA, Jr., Booking #16105447,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT,<br><br>Defendant. | Case No. 3:17-cv-02059-JAH-JMA<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

ANTONIO MORA MENCHACA, Jr. ("Plaintiff"), while in custody of the San Diego Sheriff Department's Vista Detention Facility, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2017. *See* Compl., ECF No. 1.

In his Complaint, Plaintiff claimed the San Diego Sheriff's Department violated his right to be free from cruel and unusual punishment sometime between February and April 2016, when he alleged to have been assaulted by six unidentified Sheriff's Department officers who were responding to a fight between other inmates. *Id.* at 2-3.

**I. Procedural History**

On February 13, 2018, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 5. Plaintiff was informed of his various pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them. *Id.* at 5-9. Plaintiff was further cautioned his failure to amend would result in the dismissal of his case. *Id.* at 9, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

More than two months have passed since the Court's February 13, 2018 Order, and Plaintiff's Amended Complaint was due on or before March 30, 2018. But to date, Plaintiff has failed to file an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety **with prejudice** based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's February 13, 2018 Order (ECF No. 5).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: April 30, 2018

Hon. John A. Houston
United States District Judge

2

3:17-cv-02059-JAH-JMA